IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT MARK STEPHENS,            )
                                 )
                Plaintiff,       )
                                 )
v.                               )        Case No. CIV-04-1260-T
                                 )
MELINDA GUILFOYLE, et al.,       )
                                 )
                Defendants.      )

# O R D E R

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Couch recommends, among other things, the Amended Complaint be dismissed without prejudice to refiling based on Plaintiff's failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has timely filed a written objection. Thus the Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks monetary, declaratory, and injunctive relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. The Amended Complaint also invokes the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68. It lists twenty-four counts against seven defendants, only three of whom have been served with process. These defendants have jointly filed a motion to dismiss for lack of administrative exhaustion. Plaintiff has filed motions for a temporary restraining order, judicial notice, and sanctions. Judge Couch recommends the granting of Defendants' motion and the denial of Plaintiff's motions, except his motion for judicial notice of

*Stephens v. Department of Corrections*, Case No. O-100615 (Okla. Sup. Ct.). Judge Couch would grant this motion for the limited purpose of considering certain documents in connection with the pending motions. As to Defendant Cody, Judge Couch recommends dismissal with prejudice because any claim is time-barred. *See* 42 U.S.C. § 1997e(c)(2) (permitting dismissal despite lack of exhaustion where "a claim . . . fails to state a claim upon which relief can be granted"); *see also* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff challenges virtually every page of Judge Couch's Report. After careful, independent consideration of the essential issues, the Court finds Judge Couch's analysis to be substantially correct. The Court summarizes briefly its reasons for overruling Plaintiff's objections on the dispositive issues.

All Plaintiff's claims are subject to the Prison Litigation Reform Act and its precondition to suit with respect to prison conditions that "such administrative remedies as are available [must be] exhausted." 42 U.S.C. § 1997e(a). This provision imposes a "total exhaustion" requirement, meaning an action must be dismissed if the complaint includes an unexhausted claim. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004). An inmate must fully exhaust his administrative remedies by completing the entire available grievance process. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Act requires an inmate to plead specific exhaustion information, and "[i]n deciding a Rule 12(b)(6) motion based on exhaustion, the court may consider the attached administrative materials." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1211-12 (10th Cir. 2003).

The Department of Corrections (DOC) grievance process requires an inmate first to seek informal resolution of complaints by submitting a "Request to Staff" form to the appropriate staff

member, then to initiate a formal process by completing an "Inmate/Offender Grievance Report Form" for review by the facility head, and finally to appeal the facility head's decision to a DOC administrative review authority.  Grievances concerning medical issues follow a different path of appeal to the Chief Medical Officer.  Complaints regarding disciplinary convictions have a separate administrative procedure.  (Defs.' Mot. Dism., Ex. 1.)

Here, Plaintiff relies on his pursuit of three grievances and one misconduct review to demonstrate exhaustion of administrative remedies for all twenty-four claims asserted.  (Pl.'s Objection at 10.)  After careful review of the Amended Complaint and the documents submitted, however, the Court finds these activities to be insufficient to satisfy Section 1997e(a).  The Court further finds that, because Plaintiff has made no request to dismiss unexhausted claims, dismissal of the entire case is proper.

To illustrate the lack of total exhaustion, the only grievance regarding Plaintiff's allegation he was denied a medically prescribed diet is one submitted on September 4, 2002.  Plaintiff did not follow the standard grievance procedure for medical issues but, instead, submitted a grievance directly to Warden Brent Fatkin for expedited review under a provision for "Sensitive/Emergency Grievances."  (Defs.' Mot. Dism., Ex. 1, OP-090124, § VIII.A.3.)  Warden Fatkin did not treat the complaint as an emergency medical grievance but simply decided it himself more than a month later. When Plaintiff appealed the decision to the DOC medical director, the papers were returned without a decision for failure to follow the proper procedures for a medical grievance.

Plaintiff contends this grievance should be deemed exhausted under *Powe v. Ennis*, 177 F.3d 393 (5th Cir. 1999), based on a lack of timely response.  *Powe* is consistent with Tenth Circuit case law holding that a "failure to respond to a grievance within the time limits contained in the grievance

policy renders an administrative remedy unavailable." *Jernigan*, 304 F.3d at 1032. These cases are inapposite, however, because they merely permit a prisoner to proceed to court when prison officials do not respond to a properly submitted administrative complaint and the time for responding has expired. *Id*. at 394. Here, Plaintiff did not follow the standard grievance process but attempted to use an emergency procedure reserved for instances where a substantial risk of personal injury or irreparable harm exists and the normal grievance process cannot address the complaint in a timely manner. (Defs.' Mot. Dism., Ex. 1, OP-090124, § VIII.A.3.) It might have been preferable for Warden Fatkin to inform Plaintiff immediately of a determination there was no emergency, as contemplated by OP-090124, § VIII.C. The record makes clear, however, that Plaintiff was well-versed in the grievance process and knew how to submit a standard grievance when his "emergency" complaint remained undecided after 48 hours, as required by OP-090124, § VIII.B. Instead, a grievance concerning Plaintiff's medical diet was never properly presented to a medical officer, either at the facility or within DOC.[1] In short, Plaintiff had an available remedy for his complaint that he simply chose not to follow.

Further, the claims asserted in the Amended Complaint involve other issues never raised in the administrative process. Plaintiff alleges a widespread conspiracy among persons at Lexington Correctional Center and Oklahoma State Reformatory to deprive him of judicial access and to retaliate for litigation activities that is not mentioned in any grievance. He also has not submitted a claim of misconduct by Warden Fatkin (Am. Compl. at 31, ¶ 139) to any administrative officer, even though DOC procedures expressly provide for a complaint against a warden. (Defs.' Mot.

---

[1] This is not insignificant since Plaintiff contends Warden Fatkin wrongly stated the "diet for health" served by the facility's kitchen provided the prescribed diet for Plaintiff's medical condition. (Defs.' Mot. Dism., Ex. 3 at 39.)

4

Dism., Ex. 1, OP-090124, § VIII.A.3.)  Thus the Court finds Plaintiff has failed to allege, either in the Amended Complaint or in objection to the Report, that he totally and fully exhausted his available administrative remedies.

Plaintiff also contends the lack of exhaustion should be excused for various reasons, including doctrines of equitable estoppel and waiver and due to fraud or deceit by various defendants.  Plaintiff argues that alleged deficiencies in, and even abuses of, DOC's grievance system render the administrative process inadequate and compliance futile.  Futility is not a valid exception to the exhaustion requirement so long as there is an "available" remedy.  *Jernigan*, 304 F.3d at 1032.  Plaintiff has not alleged facts to show that he lacked an available remedy for unexhausted claims, nor alleged a sufficient basis for equitable estoppel or waiver, assuming these doctrines apply.  *Id*. at 1033 (declining to decide whether equitable estoppel may apply under § 1997e because the inmate did not allege detrimental reliance).  Accordingly, the Court finds the Amended Complaint is subject to dismissal without prejudice under § 1997e(a) as to all defendants other than Defendant Cody.

Section 1997e(c)(2) provides a statutory exception to the total exhaustion requirement where a complaint includes a legally insufficient claim.  *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1143 (10th Cir. 2005).  The Court agrees with Judge Couch that, as to claims against Defendant Cody, dismissal for failure to state a claim is proper.  Plaintiff first sued Mr. Cody in the Amended Complaint filed November 4, 2004.  The Amended Complaint bears little resemblance to Plaintiff's original pleading, and the criteria for relation-back of an amendment are not met.  *See* Fed. R. Civ. P. 15(c).  Plaintiff claims Mr. Cody and others brought false disciplinary charges against him and denied him access to the courts by holding him in segregation.  Mr. Cody allegedly

arrested Plaintiff and physically removed him from the prison library on August 1, 2002.  (Am.
Compl. at 16-17, ¶¶ 84-86.)  The two-year limitations period for a § 1983 action based on these
events expired in August, 2004, and thus any civil rights claim is time-barred absent equitable
tolling.[2]  Plaintiff's allegations provide no basis for tolling the limitations period.  He admits
receiving documents that revealed Mr. Cody's identity in August, 2003, and being advised of the
limitation issue by the district court in the Northern District of Oklahoma on initial screening.  (Pl.'s
Objection at 20-21; Order of Oct. 10, 2003.)  Plaintiff alleges nothing that would have prevented him
from seeking to amend his complaint or otherwise bringing an action against Mr. Cody within the
limitations period.

    As to Plaintiff's quest for preliminary injunctive relief, he seeks to prohibit the Department
of Corrections (DOC) from enforcing operating procedures, namely OP-030120, that limit the
amount of legal materials he may keep.  He contends the limitation is unconstitutional on its face
and is unconstitutionally applied against prisoners like himself in retaliation for their litigation
activities.  The Court concurs with Judge Couch's application of Fed. R. Civ. P. 65, and finds the
relief sought is inappropriate under ths circumstances.  In particular, Plaintiff has failed to
demonstrate a threat of irreparable harm, that is, an impact on a pending case or claim.  In addition,
the Court notes the persons who allegedly confiscated and have threatened to destroy Plaintiff's

---

    [2]  Plaintiff correctly notes that a RICO claim against Mr. Cody would not be time-barred
because the limitations period for RICO actions is four years.  *See Agency Holding Corp. v.
Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987).  However, the Amended Complaint fails to
state a RICO claim.  Among other things, Plaintiff fails to allege he has been "injured in his business
or property by reason of" the alleged violation of Section 1962.  *See* 18 U.S.C.A. § 1964(c).

materials (Warden David Miller and other DOC officials at Lawton Correctional Facility) are not parties to this case.[3]

Finally, Plaintiff's request for sanctions against defense counsel is ill-founded.  The rule of total exhaustion announced in *Ross* was not overruled by the court of appeals in *West v. Kolar*, 108 Fed. Appx. 568, 2004 WL 1834634 (10th Cir. Aug. 17, 2004).  Counsel's arguments based on *Ross* were entirely proper.

For these reasons, the Court adopts the Report and Recommendation [Doc. 38].  Defendants' Motion to Dismiss  [Doc. 19] is GRANTED.  Plaintiff's Motion for Temporary Restraining Order [Doc. 26] and Motion for Sanctions [Doc. 35] are DENIED.  Plaintiff's Motion for Judicial Notice [Doc. 30] is GRANTED for the limited purpose of considering in connection with these rulings certain documents filed in his Oklahoma Supreme Court case.  The action will be dismissed without prejudice to refiling, except Counts 17-18 of the Amended Complaint against Defendant Cody will be dismissed with prejudice.

IT IS SO ORDERED this 7TH day of December, 2005.


RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that similar issues were raised in a motion for temporary restraining order filed on August 8, 2003, and denied in the Northern District on October 10, 2003.

7